STATE OF INDIANA *v*. ALFONSO N. SANDERS.

[No. 1-473A71. Filed December 4, 1973.]

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellant.

*William L. McClellan,* of Greencastle, for appellee.

LOWDERMILK, J.—Defendant-appellant Sanders was charged by affidavit with escape from the Indiana State Farm. Sanders entered a plea of not guilty and trial was had to the court. Sanders filed a motion to dismiss, which was subsequently overruled.

At the close of the State's evidence, defendant-appellee moved for a finding in his favor and the court sustained such motion and the judgment thereon is as follows:

> "Comes again the defendant in person and by his attorney, Mr. William McClellan, appointed by the Court and comes the Prosecuting Attorney of Putnam County and further evidence having been heard and the State now rests at the conclusion of all of its's evidence in chief. The defendant now moves the Court to strike the testimony of the two witnesses who testified on this date and the Court being duly advised now overrules said motion and now the defendant moves the Court for a finding for the defendant, that he is not guilty of the charge contained in the affidavit at the conclusion of the States Evidence in Chief, and the Court being duly advised now sustains said motion and the defendant is found not guilty. Judgment accordingly."

The Prosecuting Attorney of Putnam County filed a motion to correct errors, which was overruled by the court.

Briefly, the facts are that the defendant-appellee was sentenced to the Indiana State Farm, which is located in Putnam County, on July 10, 1972, and defendant-appellee was transferred to the Work-Release Center, located in Indianapolis, Marion County, Indiana. This was a full custodial transfer

under the hand and seal of Donald E. Phillips, Executive Director of Adult Authority for the Department of Corrections. The transfer is authorized by the Work Release Act, IC 11-7-9-1, *et seq.* (Burns, § 13-140, *et seq.*)

On July 28, 1972, Sanders failed to report for nose count at the Work Release Center, and failed to report as required by the rules until July 31, 1972. Sanders was thereupon transferred back to the Indiana State Farm and the affidavit charging him with escape was filed.

The State of Indiana on appeal argues that the trial court committed error in finding the defendant not guilty. The State contends that the judgment of the trial court was based on that court's finding that there was no evidenc that Sanders had escaped in the county in which he was charged and tried. (Putnam County.) The State argues that the cause was properly tried in Putnam County under the escape from the State Farm statute (Burns, § 10-1808), which provides for jurisdiction in the Circuit Court of the county in which the State Farm is located for escape offenses.

Sanders first contends that this court has no jurisdiction as a constitutional question is raised by this appeal. (Rule AP. 4) Sanders points out that the basis of the State's appeal is that the trial court, in effect, declared that Burns § 10-1808 was unconstitutional as it was in conflict with the Consitution of Indiana, Article I, paragraph 13, which requires that a criminal prosecution shall be in the county in which the offense was committed.

It is our opinion that no constitutional question arises in this appeal, as no felony of escape was committed. The Work Release Act provides the penalties for violation of work-release rules and reads as follows:

"If a prisoner shall violate any of the conditions prescribed by prison rules and regulations for administration of the Work Release Plan, then such prisoner may be transferred to the general prison population to serve out the remainder

of his sentence. IC 11-7-9-3 (Burns Indiana Statutes 13-143). *The willful failure of a prisoner to remain within the extended limits of his confinement or to return within the time prescribed to the places of confinement designated by the Commissioner or his agent shall be deemed an escape from the custody of the Department of Correction punishable as provided in IC 1971 11-7-9-4 (Burns Indiana Stats. 13-143).*" (Our emphasis.) Burns, § 13-149.

(This section was repealed in 1973 and replaced by Burns § 13-151. However, the operative section providing that penalties are provided under § 13-143 remains the same.)

It is apparent on the record that Sanders was in Marion County and was properly confined at the Work Release Center. The conduct of Sanders in failing to report as the rules of the Work Release Center specify, is a violation of the rules of the Work Release Center and such violations are covered under Burns § 13-143, which reads as follows:

"Establishment of work release plan—Administration—Rules and regulations.—The department of correction is authorized and directed to establish a work release plan under which an eligible prisoner may be released from actual custody during the time necessary to proceed to the place of his employment, perform his work, and return to quarters designated by the prison authorities. No prisoner shall be granted work release privileges except upon recommendation of the judge set forth in the judgment of imprisonment or written authorization of the commissioner. *If the prisoner shall violate any of the conditions precribed by prison rules and regulations for the administration of the work release plan, then such prisoner may be withdrawn from the work release privileges, and the prisoner may be transferred to the general prison population to serve out the remainder of his sentence.* Rules and regulations for the administration of the work release plan shall be established in the same manner as other rules and regulations for the government of the state prison system." (Our emphasis.)

The penalty section of the Work Release Act (§ 13-143) has been construed by our Supreme Court in the case of *Utley* v. *State* (1972), 258 Ind. 443, 281 N.E.2d 888, 890, wherein

Justice DeBruler, after discussing the meaning of the word "custody" stated as follows:

". . . This construction is supported by the fact that where the Legislature did explicitly confront the issue of the penalty for 'escaping' from a *state* work-release program, the Legislature did not make it punishable as a crime but merely provided that the prisoner should be returned to prison to complete his sentence. Indiana Code 1971, 11-7-9-11 and 11-7-9-4, being Burns §§ 13-149 and 13-143."

The holding in *Utley* v. *State, supra,* and the penalty statutes construed therein are dispositive of the issues raised in this appeal, as Sanders' conduct did not constitute a crime and his punishment should have been simpy that he be returned to the Indiana State Farm to complete his sentence. Thus, the trial court, when it found Sanders not guilty, reached the correct result and its judgment must be affirmed. See *Hatcher* v. *Smith* (1972), 152 Ind. App. 299, 283 N.E.2d 582.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 304 N.E.2d 222.